IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **BOBBY GILBERT,** | CASE NO. 1:21 CV 1842 |
| Petitioner, | |
| v. | JUDGE JAMES R. KNEPP II |
| **OFFICER KISNER, et al.,** | |
| Respondent. | MEMORANDUM OPINION AND ORDER |

### INTRODUCTION

*Pro se* Petitioner Bobby Gilbert, an inmate in the Richland Correctional Institution, filed this Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 to contest a finding of guilt by the prison Rules Infraction Board ("RIB"). (Doc. 1). He contends the finding is not supported by the evidence. He does not assert legal claims but asks this Court to "correct the injustice" and find him not guilty of the conduct charges. (Doc. 1, at 2).[1]

### BACKGROUND

Petitioner indicates Officer Kisner charged him with violating Conduct Rule 14 pertaining to lewd or obscene acts. The RIB held a hearing on the charge and found him guilty of the violation. Petitioner disputes that Kisner was able to witness what she claims to have seen. He does not state what sanctions the RIB imposed on him or indicate what legal claims he is asserting. He simply asks this Court to "correct the wrong done to him." (Doc. 1, at 5)

---

1. Petitioner subsequently filed a Motion to Proceed *In Forma Pauperis*. (Doc. 2). However, Petitioner paid the filing fee in this case. As such, that Motion is denied as moot.

**STANDARD OF REVIEW**

Writs of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'" *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting Section 2241(c)). Because Petitioner is appearing *pro se*, the allegations in his Petition must be construed in his favor, and his pleadings are held to a less stringent standard than those prepared by counsel. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). This Court, however, may dismiss the Petition at any time, or make any such disposition as law and justice require, if it determines the Petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987); *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (holding district courts have a duty to "screen out" petitions lacking merit on their face under Section 2243).

**DISCUSSION**

Petitioner challenges the result of his disciplinary proceeding. The Court's ability to review prison disciplinary proceedings is limited. District courts have no authority to review a disciplinary committee's resolution of factual disputes, or to redetermine an inmate's innocence or guilt. *Superintendent, Mass. Corr. Inst. at Walpole v. Hill*, 472 U.S. 445, 455 (1985). Petitioner's only recourse to change the result of the disciplinary hearing is through the prison appeals process. The only question the Court may determine is whether the hearing complied with the basic requirements needed to satisfy due process. *See id.* Petitioner does not allege any facts regarding the procedures involved in his hearing, only that he was found guilty. The

Petition lacks facts suggesting he was deprived of a protected liberty interest or was denied due process.

## CONCLUSION

Accordingly, the Petition is denied, and this action is dismissed pursuant to 28 U.S.C. § 2243. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

 s/ *James R. Knepp II*  
UNITED STATES DISTRICT JUDGE